**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Terence Copeland, | ) | **CASE NO. 1:14 CV 1152** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Terence Copeland, an attorney proceeding *pro se*, filed this lawsuit against the

United States on May 29, 2014, seeking damages pursuant to 26 U.S.C. §7433.  The

Government has filed a motion to dismiss the plaintiff's complaint (Doc. No. 6), to which the

plaintiff has responded.   For the reasons stated below, the Government's motion is granted and

this action is dismissed.

**Plaintiff's Allegations**

The plaintiff alleges that on October 9, 2009, the Internal Revenue Service ("IRS") filed

two certificates releasing federal tax liens that had been filed against the plaintiff and his former

wife Margot J. Copeland for the tax years ending 12/31/1995 and 12/31/1996.  (Pltf. Complt.,

¶3, Exs. 2 and 3.)  Each of these certificates states that the "taxpayer, under the requirements of

section 6325(a) of the Internal Revenue Code has satisfied the taxes listed below and all

statutory additions.  Therefore, the lien provided by Code section 6321 for these taxes and additions has been released."  (Pltf. Complt., Exs. 2 and 3.)

The plaintiff alleges that, despite issuing these certificates releasing the federal tax liens that were filed against him and his wife, the IRS subsequently filed levies against the plaintiff's property on 10/30/2009 and 5/30/2011 pertaining to unpaid tax balances for the tax periods ending 12/31/1995 and 12/31/1996.  (Pltf. Complt. ¶3, Exs. 5 and 6.)  On October 30, 2009, the IRS filed a levy to seize the plaintiff's wages, and on May 30, 2011, the IRS filed a levy to seize funds held for the plaintiff by Dollar Bank.  The plaintiff alleges these levies were illegal and "yielded over $4000" to the IRS.  (*Id.*, ¶3.)

The plaintiff alleges he wrote to the IRS on August 10, 2011, complaining about these "illegal collections," but he did not receive any reply until June 8, 2012, after enlisting the assistance of Congresswoman Marcia Fudge and Senator Sherrod Brown and engaging the services of the Taxpayer Advocate Service.  The Taxpayer Advocate Service sent the plaintiff a letter dated June 8, 2012, acknowledging the plaintiff's contention that "the receipt of release of the federal tax lien should have also removed the remaining balances owed on the accounts as of the date of the release of the federal tax lien."  The letter stated the plaintiff's tax liability for 1995 had been written off by the IRS on July 21, 2010, after the ten year statutory period for collecting on that liability expired.  (Pltf. Complt., Ex. 16.)  The letter, however, stated that "the balance due under the 1996 federal tax account [was] still owed" by the plaintiff because the statutory period for collecting this liability from the plaintiff (but not his wife) extended to December 2012 due to an offer-in-compromise the plaintiff submitted to the IRS in 2005.  (*Id.*)

The plaintiff disagreed with the conclusions of the Taxpayer Advocate Service.  He

alleges the letter is filled with "inaccuracies." (*Id.*, ¶ 4.)  Apparently, the plaintiff sought to request a refund on the Form 1040 he filed for tax year 2011 based on the damages he claimed to have suffered as a result of the allegedly unlawful 2009 and 2011 levies.  He alleges he attached "a copy of his complaint [regarding the levies] with accompanying documentation to [his] tax return for the year 2011 in the hope of generating discussion and ultimately resol[ving] the problem" with the IRS, but the IRS did not discuss the issues he raised.  Instead, the IRS denied his request for a refund for tax year 2011 and engaged in conduct to collect the plaintiff's 2011 tax liability.  (*Id.*, ¶ 5.)

In this action, the plaintiff seeks damages from the United States pursuant to 26 U.S.C. §7433 based on the IRS's allegedly unauthorized 2009 and 2011 levies against the plaintiff's assets.  Section 7433 provides that a taxpayer may bring a civil action for damages against the United States "[if], in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title."  26 U.S.C. §7433(a).[1]  The plaintiff alleges the IRS's 2009 and 2011 levies constitute violations of 26 U.S.C. §6325(a), which provides:

> (a) Release of lien.– Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which--
>
> (1) Liability satisfied or unenforceable.--The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable.

---

[1]A taxpayer who sues under Section 7433 may collect the "costs of the action" and the "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee."  26 U.S.C. §7433(b).

26 U.S.C. §6325(a).

The plaintiff alleges the levies violate §6325(a) and "were erroneously based upon taxes allegedly due for the years 1995 and 1996" because certificates of release of federal tax liens were issued to the plaintiff and his wife for these years.  (Pltf. Complt, ¶10.)  The plaintiff seeks "(a) $250,000 for money seized and opportunity lost as a result of the illegal levies; (b) $250,000 for pecuniary loss, embarrassment, and humiliation caused by the illegal levies at [his] bank and place of employment; (c) $100,000 for the intentional nature of the illegal enforcement and the financial and emotional damage caused by the lies and threats of the two-year cover-up; (d) $350,000 for failure to pay the refund [for tax year 2011 as the IRS allegedly] promised in . . . correspondence dated December 9, 2013, and the lie generated to cover it up causing financial hardship and emotional distress, and; (e) $50,000 for the opportunity lost through the failure of the IRS to timely pay the refund due [his] wife according to her 2012 tax return.  (*Id.*, ¶13.)

### Standards of Review

The United States seeks dismissal of the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(1) "determines whether the plaintiff has a right to be in the particular court"; whereas, a motion to dismiss pursuant to Fed. R. 12(b)(6) "is an adjudication as to whether a cognizable legal claim has been stated." *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 619, n. 3 (6th Cir. 2010).  A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of

jurisdiction.  *Golden v. Gorno Bros., Inc*., 410 F.3d 879, 881 (6th Cir. 2005). When a defendant challenges subject matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266, 269 (6th Cir. 1990).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  *See also Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

In deciding a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).  The court need not, however, accept legal conclusions or unwarranted factual inferences.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

### Discussion

The Government contends the plaintiff's complaint should be dismissed for three reasons: (1) his damages action based on the IRS's 2009 and 2011 levies is barred by the statute of limitations; (2) the plaintiff has not alleged any other actionable collection action by the IRS; and (3) the 2009 and 2011 levies were proper because the certificates the IRS issued releasing liens did not preclude it from collecting on the plaintiff's underlying tax liability via levy.

Upon review, the Court agrees with the Government that the plaintiff's damages action is properly dismissed on the basis of the statute of limitations.  Section 7433 contains an explicit two-year statute of limitations:  "Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. §7433(d)(3).  The IRS's regulations implementing Section 7433(d)(3) provide that the right of action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1(g)(2).

"The language in the regulation - a 'reasonable opportunity'- sets a relatively low bar." *Keohane v. U.S.*, 669 F.3d 325, 329 (D.C. Cir. 2012).  A cause of action accrues "if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts." *Id*.  Courts have consistently held that a taxpayer has a "reasonable opportunity" to know of the essential elements of a cause of action when the IRS issues a levy against the taxpayer.  In *Keohane*, the court held that a plaintiff taxpayer had a reasonable opportunity to discover an allegedly unlawful IRS levy, and the two-year statute of limitations for bringing an action to recover damages under 26 U.S.C. § 7433 began to run, when the taxpayer received notice of the IRS levy.  *See also Kovacs v. U.S.*, 614 F.3d 666, 674 (7th Cir. 2010) (holding that a plaintiff's cause of action against the IRS based upon six notices of intent to levy accrued on the date the plaintiff received the notices); *Zinstein v. U.S.*, No. 1: 13 cv 633, 2013 WL 5504418, at * 4 (E.D. Va. Oct. 2, 2013) ("Here, Plaintiffs had a 'reasonable opportunity' to know of the essential elements of their claim on April 7, 2008, when the IRS first issued a levy against the Plaintiffs for tax years allegedly already paid off.").

The Government contends the plaintiff had a "reasonable opportunity to discover all essential elements" of his damages claims arising from the IRS's 2009 and 2011 levies more than two years before he filed this lawsuit on May 29, 2014.  It argues the plaintiff had notice of his claims – at the very latest – on August 10, 2011, when the plaintiff expressly complained about the levies to the IRS, but he did not timely file his lawsuit within two years.

The plaintiff does not dispute that a two-year statute of limitations applies to his damages claims under 26 U.S.C. §7433, but he contends he did not have a reasonable opportunity to discover all of the elements of his claims until he received the June 8, 2012 letter regarding the 2009 and 2011 levies from the Taxpayer Advocate Service.  Without citing authority, he argues this letter "provided [him] the final and most essential element of a possible cause of action," specifically, information demonstrating the IRS's conduct in issuing the 2009 and 2011 levies was "intentional" and not merely a mistake by an IRS employee as the plaintiff initially thought.  (Pltf. Opp. at 1.)  The plaintiff contends his action was timely filed in May 2014.

The plaintiff's argument is not persuasive.  The problem with the plaintiff's position is that 26 U.S.C. §7433(a) allows damage suits against the United States where an officer or employee of the IRS "*recklessly* or intentionally, *or by reason of negligence*, disregards any provision of this title."  26 U.S.C.§7433(a) (emphasis added.)  Thus, a plaintiff has a reasonable opportunity to discover all of the elements of a claim without regard to information as to whether the IRS acted "intentionally."  Further, as noted above, courts have consistently held that a taxpayer has a reasonable opportunity to discover all of the elements of a possible cause of action when the taxpayer receives notice of an allegedly wrongful levy.

-7-

Accordingly, the Court finds the plaintiff's §7433 damage action based on the 2009 and 2011 levies accrued as soon as the plaintiff knew of the allegedly unlawful levies and complained about them to the IRS, at the very latest in 2011.  At that time the plaintiff had a "reasonable opportunity" to learn of his claims and had two years thereafter to assert them.  The plaintiff's damage claims in this case must be dismissed under 26 U.S.C. § 7433(d)(3) because he did not bring them within two years after they accrued.[2]

### Conclusion

For the reasons stated above, the Government's motion to dismiss the plaintiff's complaint is granted on the basis of the two-year statute of limitations in 26 U.S.C. §7433(d)(3). The plaintiff's complaint against the United States is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/2/14

_____

[2]Although the plaintiff alleges that conduct taken by the IRS in connection with his and his wife's 2011 tax liability constitutes additional "attempt[s] by the IRS to avoid observance of [26 U.S.C. §6325(a)], either through threats or lies" or to "cover-up" the IRS's illegal activity, (*see* Complt., at ¶¶10, 12), the only actions of the IRS the plaintiff contends violate §6325(a) are the 2009 and 2011 levies. *See* 26 U.S.C. §7433(a) (providing that the United States is liable where an IRS officer or employee "disregards [a] provision of this title").  Therefore, the only damage claims the plaintiff has alleged under Section 7433 are those based on the allegedly unlawful 2009 and 2011 levies, which are untimely.

-8-